(152 App. Div. 465.)

### KAMINSKY v. BENISCH et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

MASTER AND SERVANT (§ 278*)—INJURY TO EMPLOYÉ—FALL OF DERRICK—
    NEGLIGENCE—EVIDENCE—SUFFICIENCY.

    In an action for injury to an employé, caused by a falling derrick, evidence *held* to warrant a finding of negligence.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

Appeal from Trial Term, Queens County.

Action by Paul Kaminsky against Charles J. Benisch and another. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Alvin C. Cass, of New York City, for appellant.

E. Clyde Sherwood, of New York City (William B. Davis, on the brief), for respondents.

THOMAS, J.   Plaintiff, defendant's servant, was seriously injured by the fall of a derrick owned by his master.   The partial support of the mast was a stiff leg coupled to it by an iron some 6 or 7 feet long, 6 inches wide, and 1½ or 2 inches thick.   It had been in place for three years, and after the accident it was found broken, and in the greater part of its width there were indications of an old break, and only 1 or 2 inches of it showed a new break.   The derrick was carrying a relatively light burden, and the fall was apparently not due to immediate abuse of its capacity.   The jury would have been amply justified in tracing the fall to the failure of support intended by the iron connecting the mast and its prop, and in finding a cause therefor in the condition of the iron, weakened so materially by the crack, whereby it was bereft of its adequate strength, and in finding that masters, who permitted a part of vital use to reach a state of such decay, did not use ordinary care for the reasonable protection of the servant.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.